IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AKORN HOLDING COMPANY LLC, *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 23:-10253 (KBO)<br>(Jointly Administered) |
| GEORGE MILLER, Chapter 7 Trustee of the bankruptcy estates of Akorn Holding Company LLC, *et al.*,<br><br>Plaintiff,<br>v.<br><br>EMPIRE FREIGHT LOGISTICS,<br><br>Defendant. | Adv. Pro. No. 25-50248 (KBO) |

**ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT FOR AVOIDANCE
AND RECOVERY OF TRANSFERS PURSUANT TO 11 U.S.C. §§ 547, 548 & 550
AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502**

Defendant Empire Freight Logistics (the "Defendant" or "Empire"), by undersigned counsel and pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure, for its Answer and Affirmative Defenses to George Miller's, as Chapter 7 Trustee ("Plaintiff") of the estates of Akorn Holding Company LLC ("Akorn Holding"), Akorn Intermediate Company LLC ("Akorn Intermediate"), and Akorn Operating Company LLC ("Akorn Operating" and, collectively with Akorn Holding and Akorn Intermediate, the "Debtors"), Complaint for Avoidance and Recovery of Transfers Pursuant to 11 U.S.C. §§ 547, 548 & 550 and to Disallow Claims Pursuant to 11 U.S.C. § 502 (the "Complaint"), alleges and asserts as follows:

---

[1] The Debtors in the chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number, are Akorn Holding Company LLC (9190), Akorn Intermediate Company LLC (6123), and Akorn Operating Company LLC (6184). The Debtors' headquarters was located at 5605 CenterPoint Court, Gurnee, Illinois 60031.

## NATURE OF THE ACTION

1. Defendant neither admits nor denies the statements contained in paragraph 1 of the Complaint, as such statements do not represent factual allegations for which a responsive pleading is required. To the extent a response is required, the statements are denied.

2. Defendant neither admits nor denies the statements contained in paragraph 2 of the Complaint, as such statements do not represent factual allegations for which a responsive pleading is required. To the extent a response is required, the statements are denied.

## JURISDICTION AND VENUE

3. The statements contained in paragraph 3 of the Complaint assert a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 3 of the Complaint.

4. The statements contained in paragraph 4 of the Complaint assert a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 4 of the Complaint.

5. Defendant neither admits nor denies the statements contained in paragraph 5 of the Complaint, as such statements do not represent factual allegations for which a responsive pleading is required. To the extent a response is required, the statements are denied. Defendant states that it does not consent to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

6. The statements contained in paragraph 6 of the Complaint assert a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 6 of the Complaint.

7. The statements contained in paragraph 7 of the Complaint assert a legal conclusion to which no response is required. To the extent a response is required, Defendant admits that it conducts business in the United States and that the Transfers occurred in the United States; however, denies the remaining allegations contained in paragraph 7 of the Complaint.

8. The statements contained in paragraph 8 of the Complaint assert a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 8 of the Complaint.

## THE PARTIES

9. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint, and therefore, these allegations are denied.

10. The statements contained in paragraph 10 of the Complaint assert a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 10 of the Complaint.

11. Defendant admits that it was a vendor or creditor that provided goods and/or services to or for one or more of the Debtors prior to the Petition Date. Defendant denies any other allegations not expressly admitted herein.

## BACKGROUND

12. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint, and therefore, these allegations are denied.

WBD (US) 4913-7311-7780

13. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint, and therefore, these allegations are denied.

14. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint, and therefore, these allegations are denied.

15. Defendant admits that it entered into certain agreements with at least one of the Debtors, and that such agreements concerned provided by Defendant to Akorn Operating. The remaining allegations contained in paragraph 15 of the Complaint are denied.

16. Paragraph 16 of the Complaint states legal conclusions to which no response is required. To the extent paragraph 16 contains allegations of fact, Defendant admits that it received payments during the Preference Period, for goods or services provided by Defendant. The remaining allegations contained in paragraph 16 of the Complaint are denied.

17. Defendant admits that, in December 2024, Plaintiff, through counsel, sent a demand letter to Defendant. The remaining allegations contained in paragraph 17 of the Complaint are denied.

18. Defendant admits the allegations in paragraph 18 of the Complaint.

19. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint, and therefore, these allegations are denied.

20. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint, and therefore, these allegations are denied.

21. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint, and therefore, these allegations are denied.

22. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint, and therefore, these allegations are denied.

23. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint, and therefore, these allegations are denied.

24. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint, and therefore, these allegations are denied.

### CLAIMS FOR RELIEF

### COUNT 1
**(Avoidance of Preferential Transfers – 11 U.S.C. § 547)**

25. Defendant repeats and realleges its above responses in all preceding paragraphs as if fully set forth herein.

26. Defendant admits that certain of the Transfers identified on Exhibit A to the Complaint were received by the Defendant during the Preference Period; however, Defendant denies the remaining allegations of paragraph 26 of the Complaint.

27. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint, and therefore, these allegations are denied.

WBD (US) 4913-7311-7780

28. The statements contained in paragraph 28 of the Complaint assert a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 28 of the Complaint.

29. The statements contained in paragraph 29 of the Complaint assert a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 29 of the Complaint.

30. The statements contained in paragraph 30 of the Complaint assert a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 30 of the Complaint.

31. The statements contained in paragraph 31 of the Complaint assert a legal conclusion to which no response is required. To the extent paragraph 31 contains allegations of fact, Defendant is without knowledge sufficient to admit or deny the allegations and therefore denies same.

32. Defendant is without knowledge sufficient to admit or deny the allegations in paragraph 32 and therefore, these allegations are denied.

33. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding insolvency contained in paragraph 33 of the Complaint, and therefore, these allegations are denied.

34. Defendant admits that Plaintiff sent a Demand Letter to Defendant prior to filing the Complaint and that Defendant has not remitted the amount of the Transfers to Plaintiff; however, Defendant denies the remaining allegations of paragraph 34 of the Complaint.

35. The allegations contained in paragraph 35 of the Complaint are denied.

WBD (US) 4913-7311-7780

## COUNT II
### (Avoidance of Fraudulent Transfers – 11 U.S.C. § 548(a)(1)(B))

36. Defendant repeats and realleges its above responses in all preceding paragraphs as if fully set forth herein.

37. The allegations contained in paragraph 37 of the Complaint are denied.

38. The statements contained in paragraph 38 of the Complaint assert a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 38 of the Complaint.

## COUNT III
### (Recovery of Property – 11 U.S.C. § 550)

39. Defendant repeats and realleges its above responses in all preceding paragraphs as if fully set forth herein.

40. The statements contained in paragraph 40 of the Complaint assert a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 40 of the Complaint.

41. The statements contained in paragraph 41 of the Complaint assert a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 41 of the Complaint.

42. The statements contained in paragraph 42 of the Complaint assert a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 42 of the Complaint.

## COUNT IV
### (Disallowance of Claims – 11 U.S.C. § 502)

43. Defendant repeats and realleges its above responses in all preceding paragraphs as if fully set forth herein.

WBD (US) 4913-7311-7780

44. The statements contained in paragraph 44 of the Complaint assert a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 44 of the Complaint.

45. Defendant admits it has not paid any amounts to any of the Debtors. The remaining allegations contained in paragraph 45 of the Complaint are denied.

46. The allegations contained in paragraph 46 of the Complaint are denied.

47. Defendant requests that the Court deny the relief requested in Plaintiff's Prayer for Relief.

## AFFIRMATIVE DEFENSES

Having fully responded to Plaintiff's Complaint, Defendant asserts the following additional Affirmative Defenses to the allegations asserted against it thereunder:

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim for which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

11 U.S.C. § 547(c)(2) bars Plaintiff from avoiding any alleged preferential transfers by Debtors to Defendant because all such transfers were in payment of debts incurred by Debtors in the ordinary course of business of the Debtors and Defendant and (i) were made in the course of the Debtors' business and the Defendant's business, and/or (ii) were made according to ordinary business terms.

## THIRD AFFIRMATIVE DEFENSE

11 U.S.C. § 547(c)(4) bars Plaintiff from avoiding any alleged preferential transfers by Debtors to Defendant because after such transfers, Defendant gave new value to or for the benefit of the Debtors not secured by an otherwise unavoidable security interest and on account

of which new value Debtors did not make an otherwise unavoidable transfer to or for the benefit of Defendant.

## FOURTH AFFIRMATIVE DEFENSE

Debtors were not insolvent within the meaning of 11 U.S.C. § 101(32) at the time of the Transfers.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff cannot recover under 11 U.S.C. § 547(b) because Plaintiff has failed to conduct reasonable due diligence in the circumstances of the case and has failed to take into account Defendant's known or reasonably knowable affirmative defenses.

## SIXTH AFFIRMATIVE DEFENSE

Defendant did not receive more than Defendant would have received if the Transfers had not been made and this case was a Chapter 7 proceeding.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or reduced by the doctrine of setoff.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or reduced by the doctrine of recoupment.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because none of the Transfers at issue is recoverable under the Bankruptcy Code.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the Debtors received reasonably equivalent value on account of the Transfers.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred to the extent the allegedly preferential transfers cited on Exhibit A to Plaintiff's Complaint were intended to be a contemporaneous exchange for new value.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part to the extent the provisions of 11 U.S.C. § 550(b) are applicable.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred to the extent the doctrines of laches, estoppel, *in pari delicto*, accord and satisfaction, release, waiver, *res judicata*, collateral estoppel, claims preclusion, and/or issue preclusion are applicable to the facts of this case as may be disclosed by discovery and the evidence produced by the parties during this proceeding.

**RESERVATION OF RIGHTS**

Defendant expressly reserves the right to amend and/or supplement this Answer, its affirmative defenses, and all other pleadings. Defendant asserts all other defenses that may be revealed during the course of discovery or other investigation.

*[Remainder of page intentionally left blank]*

WHEREFORE, Defendant respectfully requests that the relief sought by Plaintiff under its Complaint be denied, and that such Complaint be dismissed with prejudice, assessing any and all costs of this litigation against Plaintiff, and for such further relief as this Court deems to be just, necessary, and proper under the circumstances hereof.

Dated: July 17, 2025               **WOMBLE BOND DICKINSON (US) LLP**

*/s/ Morgan L. Patterson*
Morgan L. Patterson (Del. Bar No. 5388)
Marcy J. McLaughlin Smith (Del. Bar No. 6184)
1313 N. Market Street, Suite 1200
Wilmington, DE 19801
Telephone: (302) 252-4320
E-mail: Morgan.Patterson@wbd-us.com
Email: Marcy.Smith@wbd-us.com

-and-

Ronald M. McMillan
**CALFEE, HALTER & GRISWOLD LLP**
The Calfee Building
1405 East Sixth Street
Cleveland, OH 44114 1607
Telephone: (216) 622-8698
Email: rmcmillan@calfee.com

*Counsel for Empire Freight Logistics*