# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AKORN HOLDING COMPANY LLC, *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 23-10253 (KBO)<br>(Jointly Administered)<br><br>**Objection Deadline**: November 21, 2025 at 4:00 PM (E.T.)<br>**Hearing Date**: December 19, 2025 at 10:00 AM (E.T.) |
| GEORGE MILLER, Chapter 7 Trustee of the bankruptcy estates of Akorn Holding Company LLC, *et al.*,<br>            Plaintiff,<br><br>v.<br><br>DOUGLAS PHARMACEUTICALS,<br>            Defendant. | Adv. Proc. No. 25-50127 (KBO) |
| GEORGE MILLER, Chapter 7 Trustee of the bankruptcy estates of Akorn Holding Company LLC, *et al.*,<br>            Plaintiff,<br><br>v.<br><br>EMPIRE FREIGHT LOGISTICS,<br>            Defendant. | Adv. Proc. No. 25-50248 (KBO) |

**MOTION FOR ENTRY OF AN ORDER PURSUANT TO SECTION 105(a)
OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019
APPROVING SETTLEMENTS BETWEEN THE TRUSTEE AND
DOUGLAS PHARMACEUTICALS AMERICA LTD., AND BETWEEN
<u>THE TRUSTEE AND EMPIRE FREIGHT LOGISTICS</u>**

---

[1] The Debtors in the chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number, are Akorn Holding Company LLC (9190), Akorn Intermediate Company LLC (6123), and Akorn Operating Company LLC (6184). The Debtors' headquarters was located at 5605 CenterPoint Court, Gurnee, Illinois 60031.

George L. Miller, the chapter 7 trustee (the "Trustee") in the above-captioned chapter 7 cases (the "Chapter 7 Cases") for the bankruptcy estates of Akorn Holding Company LLC, Akorn Intermediate Company LLC, and Akorn Operating Company LLC (collectively, the "Debtors"), hereby moves (the "Motion") pursuant to section 105 of title 11 of the United States Code, §§ 101-1532, as amended (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), (i) approving the settlement with Douglas Pharmaceuticals America Ltd. ("Douglas") and authorizing the Trustee to enter the settlement agreement with Douglas (the "Douglas Settlement Agreement") attached hereto as **Exhibit B**, (ii) approving the settlement with Empire Freight Logistics ("Empire," and together with Douglas, the "Defendants") and authorizing the Trustee to enter the settlement agreement with Empire (the "Empire Settlement Agreement," and together with the Douglas Settlement Agreement, the "Settlement Agreements") attached hereto as **Exhibit C**, and (iii) granting such other relief as may be just and proper. In support of this Motion, the Trustee respectfully states as follows:

## JURISDICTION

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334(b) and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b), and pursuant to Rule 9013-1(f) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Trustee consents to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties,

cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The basis for the relief requested herein is section 105 of the Bankruptcy Code, as supplemented by Bankruptcy Rule 9019.

## BACKGROUND

**A.     General Background**

5. On February 23, 2023 (the "Petition Date"), each of the Debtors filed voluntary petitions in the Bankruptcy Court for relief under Chapter 7 of the Bankruptcy Code, commencing the Chapter 7 Cases (collectively, the "Chapter 7 Cases"). The Chapter 7 Cases are being jointly administered.

6. On or about the Petition Date, the Office of the United States Trustee appointed the Trustee as the trustee to the bankruptcy estate of each Debtor.

7. Prior to the Petition Date, the Debtors' businesses included developing, manufacturing, and marketing specialty pharmaceuticals, including prescription, consumer health, and animal health products.

8. The Debtors were an industry leader in branded and generic products in alternate dosage forms such as ophthalmic, injectables, oral liquids, topicals, inhalants and nasal sprays.

9. The Debtors operated at numerous locations in the United States and were headquartered in Gurnee, Illinois. The Debtors' operations in the United States have all ceased.

10. Since the date of his appointment, the Trustee and his professionals have reviewed the transfers made by the Debtors on or within the designated range for asserting direct and indirect fraudulent transfer actions, insider preference actions, and non-insider preference actions (the

"Avoidance Period") and have identified potential claims to avoid and recover the certain transfers pursuant to sections 547, 548, and/or 550 of the Bankruptcy Code (the "Avoidance Claims").

11. Based upon that investigation, the Trustee filed an adversary proceeding on February 10, 2025, styled *George Miller, Chapter 7 Trustee of the bankruptcy estates of Akorn Holding Company, LLC, et al. v. Douglas Pharmaceuticals*, in the Bankruptcy Court, commencing the adversary case number 25-50127 (KBO) (the "Douglas Adversary Proceeding"); and on February 13, 2025, the Trustee filed an adversary proceeding styled *George Miller, Chapter 7 Trustee of the bankruptcy estates of Akorn Holding Company, LLC, et al. v. Empire Freight Logistics*, in the Bankruptcy Court, commencing the adversary case number 25-50248 (KBO) (the "Empire Adversary Proceeding," and together with the Douglas Adversary Proceeding, the "Adversary Proceedings").

12. While the Trustee has continued to pursue and negotiate settlements with respect to the Avoidance Claims, he has settled the Adversary Proceedings. Since the amounts demanded by the Trustee in both proceedings were over $500,000.00, the settlements must be approved by a separate motion under Rule 9019 of the Bankruptcy Code, pursuant to that certain *Order Approving Procedures Regarding Settlements of Avoidance Claims Pursuant to Bankruptcy Rule 9019(b)* [D.I. 1040].

13. The terms of the settlement between the Trustee and the Defendants are embodied in their respective Settlement Agreements attached hereto as **Exhibit B** and **Exhibit C**.

14. Under the Douglas Settlement Agreement, which was the result of extensive, active, good-faith discussions and arms' length negotiations between the Trustee and Douglas, upon entry of an order approving the Douglas Settlement Agreement, Douglas waives the amount of $1,159,176.00 asserted in Douglas's filed Proof of Claim (Claim No. 347-1) in Case 23-10255-

KBO (the "Proof of Claim"), without the need for any further documentations. For clarity, the Proof of Claim will be allowed as a general unsecured claim in the amount of $2,000,000.00, and the Trustee will make a 19.2% distribution to Douglas on account of the allowed amount of this claim. Under the Douglas Settlement Agreement, both the Trustee and Douglas are executing mutual general releases.

15. Under the Empire Settlement Agreement, which was also the result of extensive, active, good-faith discussions and arms' length negotiations between the Trustee and Empire, Empire will pay the estate $75,000.00 ("Empire Settlement Amount") and waive its rights under section 502(h) of the Bankruptcy Code in exchange for dismissal of the Empire Adversary Proceeding with prejudice.

16. Upon consummation of the settlements and approval of the Settlement Agreements and approval by court order, the Trustee will dismiss the Adversary Proceedings in their entirety with prejudice.

## RELIEF REQUESTED

17. Pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019, the Trustee seeks entry of an order substantially in the form attached hereto as **Exhibit A**: (i) approving the Settlement Agreements, and (ii) granting such other relief as may be just and proper.

## BASIS FOR RELIEF

18. Section 105(a) of the Bankruptcy Code allows a court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a). Bankruptcy Rule 9019 provides:

> On motion of the trustee, after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor and indenture trustees

>as provided in Rule 2002 and to any other entity as the court may direct.

Fed. R. Bankr. P. 9019(a).

19.     When reviewing settlements under Bankruptcy Rule 9019, the court generally defers to the Trustee's business judgment. "[U]nder normal circumstances the court would defer to the trustee's judgment so long as there is a legitimate business justification [for the settlement]." *In re Martin*, 91 F.3d 389, 395 (3d Cir. 1996).

20.     The Third Circuit has emphasized that "[c]ompromises are favored in bankruptcy." *Id.* at 393 (quoting Collier on Bankruptcy ¶ 9019.03[1] (15th ed. 1993)); *see also In re World Health Alternatives, Inc.*, 344 B.R. 291, 296 (Bankr. D. Del. 2006) (finding settlements "generally favored in bankruptcy"). Courts in this District also have recognized that the approval of a proposed compromise and settlement is committed to the sound discretion of the bankruptcy court. *See, e.g., In re Coram Healthcare Corp.*, 315 B.R. 321, 329 (Bankr. D. Del. 2004).

21.     Pursuant to Bankruptcy Rule 9019(a), the Court may, after appropriate notice and a hearing, approve a compromise or settlement so long as the proposed settlement is fair, reasonable, and equitable. *See In re Key3Media Grp., Inc.*, 336 B.R. 87, 92 (Bankr. D. Del. 2005) (noting that "the bankruptcy court has a duty to make an informed, independent judgment that the compromise is fair and equitable."). The court need not be convinced that the settlement is the best possible compromise in order to approve it. *Coram Healthcare Corp.*, 315 B.R. at 330. Rather, the court's obligation is to "canvass the issues and see whether the settlement falls below the lowest point in a range of reasonableness." *Travelers Cas. & Sur. Co. v. Future Claimants Representative*, No. 07-2785, 2008 WL 821088, at *5 (D.N.J. Mar. 25, 2008) (citing *Matter of Jasmine, Ltd.*, 285 B.R. 119 (D.N.J. 2000)).

22. In determining whether a settlement is fair and equitable, the Third Circuit has adopted a balancing test, under which a bankruptcy court should decide whether to approve a particular compromise or settlement. The factors of the balancing test are: "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." *In re Martin*, 91 F.3d at 393.

23. The Trustee respectfully submits that the Settlement Agreements satisfy the requirements of Bankruptcy Rule 9019. The Settlement Agreements allow the Trustee to resolve costly litigation and potential liability while preserving its limited resources for, among other things, the payment of creditors, professionals and administrative expenses. Although the Trustee relinquishes its right to pursue the lawsuits against the Defendants as part of the Settlement Agreements, there is no certainty of a positive result when engaging in the litigation process, including with respect to any defenses the Defendants may raise. The only certainty is the accrual of more legal fees and further diminishing the limited resources of the Trustee and the bankruptcy estates. Therefore, taking into consideration the time, cost, expense and complexity of litigation, the Trustee has determined that the Settlement Agreements are fair, reasonable and appropriate as the settlements will help avoid costs and delay, and bring finality and certainty to the Adversary Proceedings.

24. More specifically, the settlements here pertain to the potential liability of the Defendants as recipients of avoided transfers under, inter alia, 11 U.S.C. §§ 544-550. The Trustee believes payment of the Empire Settlement Amount and the substantial reduction in the Douglas Proof of Claim represent good-faith resolutions of the claims. In sum, the Trustee submits that entry into the Settlement Agreements are a sound exercise of the Trustee's business judgment and

that the Settlement Agreements are therefore in the best interest of the Debtor's estate and its creditors.

**WHEREFORE**, for the reasons set forth above, the Trustee respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, (i) approving the Settlement Agreements, and (ii) granting such other relief as may be just and proper.

| | |
|---|---|
| Dated: November 7, 2025<br>Wilmington, Delaware | **SAUL EWING LLP**<br><br>*/s/ Evan T. Miller*<br>Evan T. Miller (DE Bar No. 5364)<br>Paige N. Topper (DE Bar No. 6470)<br>1201 N. Market Street, Suite 2300<br>Wilmington, DE 19801<br>Telephone: (302) 421-6800<br>evan.miller@saul.com<br>paige.topper@saul.com<br><br>*Special Counsel to the Chapter 7 Trustee* |